113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael MATTHEWS, et al., Plaintiffs,
and
Don E. Wagner, individually and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
Gary K. WEEKS, individually and in his official capacity as
Director of the Oregon Department of Human Resources;
Hersch Crawford, individually and in his official capacity
as acting Director of the Oregon Office of Medical
Assistance Programs, Defendants-Appellees.
 No. 96-35316.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.*
Decided May 12, 1997.
 
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Having read the briefs and reviewed the record, we conclude that Wagner lacks standing to sue. Wagner has failed to show that a favorable decision on any of his discrimination claims is likely to redress his injury. See Beno v. Shalala, 30 F.3d 1057, 1065 (9th Cir.1994); see also Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 43 (1976).
 
 
 3
 It is undisputed that Oregon excludes recipients of Medicare and Medicaid benefits (both of which Wagner receives) from Oregon Health Plan (OHP) participation. Even if the Medicare exclusion was invalidated, Wagner would still be excluded from participation in the OHP under the Medicaid exclusion. Accordingly, resolution of Wagner's claim "would be gratuitous and thus inconsistent with the Art. III limitation." Simon, 426 U.S. at 38.
 
 
 4
 Wagner attempts to save his challenge to the Medicare exclusion by arguing that if he does not "spend down," he will not be eligible for Medicaid benefits, in which case that exclusion will not apply. The record reflects that Wagner received Medicaid benefits during the two years prior to filing this action. Nothing but "pure speculation" can support Wagner's argument that he will not be eligible for such benefits in the future. See Simon, 426 U.S. at 42-43. Plaintiff therefore lacks standing to sue.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3